The document below is hereby signed.

Signed: January 13, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TRACI CATHERINE BROWN, | ) | Case No. 09-01142 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER GRANTING
<u>MOTION TO REOPEN THE CASE AND WAIVE THE FILING FEE</u>

The debtor is seeking to reopen her case to schedule her cause of action against her home mortgage lenders and servicers for unequal treatment and predatory lending related to the mortgage on her home located at 1032 D St., NE, Washington, D.C. 20002, and to have the filing fees for reopening her case waived. For the reasons stated below, the motion will be granted.

The debtor filed her bankruptcy case on December 23, 2009 as a pro se litigant. She failed to schedule any cause of action she may have against her mortgage lenders and servicers of her home, located at 1032 D. St., NE, Washington, D.C. 20002, by marking "none" on her schedule B under the property type listed:

> 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the

>   debtor, and rights of setoff claims.  Give estimated value of each.

The debtor claims she did not understand at that time that by marking "none" to this property type on her schedule B would prevent "interest in my home [from] revert[ing] back to me" upon the closing of her bankruptcy case.

On May 26, 2017, the debtor filed suit in D.C. Superior Court against her mortgage lenders and servicers alleging that they engaged in unequal treatment and predatory lending by steering her to a subprime loan when she could have qualified for a prime-fixed rate loan.  On October 10, 2017, several of the defendants of that suit removed the case from D.C. Superior Court to the U.S. District Court.

The debtor is seeking to have her case reopened so that she can schedule her cause of action on her schedule B.  The Bankruptcy Code grants bankruptcy courts authority to reopen a case "to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b)  This is a discretionary authority left to the bankruptcy courts.  *In re Covelli*, 550 B.R. 256, 263 (Bankr. S.D.N.Y. 2016).

In this case, the debtor has failed to schedule her cause of action in her schedules.  Debtors are required to list all their assets on their schedules.  11 U.S.C. § 521(a)(1).  The debtor's assets include causes of action that have accrued.  *Swift v. Seidler (In re Swift)*, 198 B.R. 927, 930 (Bankr. W.D. Tex. 1996).

All assets listed on the debtor's schedules and not otherwise administered by the estate revert back to the debtor upon the closing of the case.  11 U.S.C. § 554(c).  However, assets that are not scheduled do not revert back to the debtor.  *First National Bank v. Lasater*, 196 U.S. 115, 119 (1905).

    I find that it is in the best interest of justice to allow the debtor to reopen her case and schedule her cause of action.  If the asset proves to have meaningful value, it should be administered by the trustee for the benefit of creditors.  That suffices to justify reopening the case so that a trustee can be appointed to investigate the cause of action and so that the trustee can be substituted as the real party in interest if the cause of action has value.  I need not decide whether the debtor should be judicially estopped from pursuing the cause of action herself, but the papers of record suggest that the failure to schedule the cause of action was not the result of bad faith.  Nothing suggests that the debtor was seeking to hide anything from the chapter 7 trustee that could have been administered by the trustee as estate property.  The debtor was acting pro se at the time she filed her schedules and may not have understood that her claims were assets she needed to schedule, especially since she was not pursuing them at the time she filed for bankruptcy or during her bankruptcy.  In fact, the debtor's motion shows that the debtor still does not fully understand that the asset she

3

needs to schedule is the cause of action related to her home mortgage, not the interest in her home.  Moreover, the debtor may not have even known at the time she filled out her schedules that she had a cause of action she could pursue, evidenced by the fact that she did not bring suit until seven years after her bankruptcy case was closed.  Additionally, the debtor represents that Marc Albert, the chapter 7 trustee assigned to administer her case, has no objection to her reopening her case to schedule her cause of action.  Therefore, the motion will be granted.

The debtor further seeks to have the filing fee for reopening her case waived.  Section 1930(f)(2) grants the court authority to waive "other fees prescribed under subsection (b) and (c)."  11 U.S.C. 1930(b) grants the Judicial Conference the authority to prescribe fees in cases under title 11.  The filing fee for reopening a case is such a fee prescribed by the Judicial Conference under § 1930(b), and thus this court has the authority to waive the fee for reopening a case.  The debtor applied for *in forma pauperis* in the Superior Court, and on that form[1] indicated that she was receiving Medicaid and her total income over the past 12 months (which would have been between the months of May 2016 and May 2017) was $8,000.  She also indicated that she was unemployed since March 13, 2013 and had four dependents, three of

---

[1] That form can be found on page 9 of 97 of Document 1-2 in the *Notice of Removal* in the debtor's civil case, case No. 1:17-cv-02101-RDM, in the District Court.

4

whom were minor children.  I find that it is appropriate under these circumstances to waive the fee for the debtor to reopen her case.

It is thus

ORDERED that the debtor's case is reopened to allow the debtor to schedule the cause of action she is pursuing against her mortgage lenders and servicers related to the mortgage on her home located at 1032 D Street, NE, Washington, D.C. 20002 on her schedule B.  It is further

ORDERED that the filing fee for reopening this case is waived.  It is further

ORDERED that the United States Trustee shall appoint a chapter 7 trustee.

                                        [Signed and dated above.]

Copies to: Debtor; Marc Albert, U.S. Trustee.